Mr. Edward A. Crapo Alachua County Property Appraiser Post Office Box 23817 Gainesville, Florida 32602-3817
Dear Mr. Crapo:
You ask substantially the following question:
Where legal title in real property is in the name of a financial institution as trustee for the Florida Housing Finance Agency, should that property be included on the county tax rolls as taxable real property?
In sum, I am of the opinion that:
If, under the terms of the trust instrument, the Florida Housing Finance Agency holds the equitable title of the real property, the exemption set out in s. 420.513(1), F.S., is applicable.
Part V, Ch. 420, F.S., known as the "Florida Housing Finance Agency Act,"[1] creates the Florida Housing Finance Agency (Agency) as a state agency and instrumentality within the Department of Community Affairs.[2] Established for the purpose of encouraging the investment of private capital in residential housing through the use of public financing,[3] the Agency is authorized to, among other things, make mortgage loans and foreclose mortgages on real property.[4]
Section 420.513(1), F.S., provides that the property of the Florida Housing Finance Agency shall be exempt from taxation by the state and its political subdivisions.[5] As the county is clearly a political subdivision of the state,[6] the above statute exempts property of the Agency from taxation by the county. This exemption, however, must be viewed in light of s. 196.199(1)(b), F.S., which, among other things, applies to all property owned by governmental units. This section requires such property to be owned by a governmental unit and used for governmental purposes in order to be exempt from ad valorem taxation.
Your inquiry concerns what constitutes property of the Agency. Specifically you ask whether real property titled in the name of a financial institution, as Trustee for the Florida Housing Finance Agency, is considered to be "property of the Agency" and thus exempt from being placed on the county's tax rolls as taxable real property.
The term "[r]eal property" is defined for purposes of the act as
all lands, including improvements and fixtures thereon and property of any nature appurtenant thereto or used in connection therewith, and every estate, interest, and right, legal or equitable therein, including terms of years and liens by way of judgment, mortgage, or otherwise and the indebtedness secured by such liens.[7] (e.s.)
Thus, the term includes not only the land and improvements but also any equitable interests in such property. This office, however, has not been presented with sufficient facts to determine whether the Agency has equitable title to the real property in question. Therefore, my comments must be general in nature.
This office has previously recognized that the determination as to whether the interest of a beneficiary constitutes an interest in real or personal property depends upon the provisions of the trust instrument. In AGO 56-271, one of my predecessors in office stated that where the trust property is real property, the beneficiary's interest will be considered to be real property unless the interest is so limited in duration that if it were a legal interest it would be personal property. The opinion discusses several factors to be considered in making such a determination:
Where real property is held in trust, and by the terms of the trust a duty is imposed on the trustee to sell it and hold the proceeds in trust or distribute the proceeds, the interest of the beneficiary is personal property, and this rule is applicable to participation certificates and mortgage bonds if the trustee, as the purchaser at the foreclosure sale, has the right to sell the property thus acquired and distribute the proceeds. The interest of beneficiaries who have, under the terms of the trust agreement, no right, title, or interest in the realty as such, either legal or equitable, but only an interest in the earnings and proceeds with power to direct the trustee to deal with the title and manage and control the property, and the right to receive proceeds from rentals, which right is to be deemed personal property, is personal property only, and not real estate.
On the other hand, where a trust agreement creates only a passive trust under which the beneficiary has complete control over the trust property and the trustee while holding the title has no control over the trust property other than such as is dictated by the beneficiary, then the title to the real property is, in effect, in the beneficiary and the beneficiary's title would be one of real property.
This office recognized, however, that no general answer may be given to such a situation other than that each instrument, together with the facts and circumstances surrounding it, must be specifically considered. The reasoning in AGO 56-271 would appear to be still applicable today.
Thus, if under the terms of the trust instrument, the Florida Housing Finance Agency holds the equitable title of the real property, then the exemption set out in s. 420.513(1), F.S., is applicable. However, as noted supra, this office has not been provided with sufficient information to determine whether the Florida Housing Finance Agency does have equitable title to the real property under these circumstances.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 420.501, F.S. The act encompasses ss. 420.501-420.516, F.S.
[2] See s. 402.504, F.S., as amended by s. 7, Ch. 93-181, Laws of Florida.
[3] See, s. 420.502(7), F.S.
[4] See, s. 420.507, F.S., as amended by s. 8, Ch. 93-181, Laws of Florida, setting forth the powers of the Agency.
[5] See, s. 420.513(1), F.S.
[6] See, s. 1(1), Art. VIII, State Const. 
[7] Section 420.503(14), F.S.